**Seyfarth**

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

hwexler@seyfarth.com

T (212) 218-3332

www.seyfarth.com

Granted.  Defendants may serve the third parties by the proposed alternative means; namely, FedEx (signature required) and certified mail (return receipt requested), and email.

SO ORDERED:

4/9/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

April 8, 2026

**VIA CM/ECF**

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:** *Sonita Jacobs v. Elevance Health Inc., et al.*
> <u>Case No. 1-25-cv-000947-RA-RWL</u>

Dear Judge Lehrburger:

This Firm represents Elevance Health, Inc. ("Elevance Health" or the "Company"), Stephanie Collazo (incorrectly spelled in several sections of the Complaint as "Colazzo") ("Collazo"), and Shannon Cosminski ("Cosminski") (collectively, the "Defendants") in the above-referenced case. Pursuant to Your Honor's April 1, 2026, Order, Defendants write regarding their inability to serve to two third party witnesses with subpoenas for depositions. (*See* ECF #33; *see also* ECF #30).

As previously set forth for the Court (*see* ECF #30), Defendants have been unable to successfully serve two third-party witnesses for deposition, both of whom possess relevant information to this case. Plaintiff has neither moved to quash or modify the subpoenas, and has not objected in any other way to same. The first individual is Kwesi Franco, Plaintiff's therapist, and the second individual is Vivian Stewart, one of Plaintiff's former colleagues while employed by Defendant Elevance. (*See* Ex. A, Affidavit of Non-Service to K. Franco; *see* Ex. B, Affidavit of Non-Service to V. Stewart).

Defendants now request that the Court permit them to attempt service of each subpoena by alternative methods of service; specifically, FedEx (signature required), certified mail (return receipt requested), and email. Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person . . . ." FED. R. CIV. P. 45(b)(1). "Thus, for service of a subpoena to be effective, the manner of service must comport with the requirements for service of process under Rule 4, unless judicial authorization to serve by alternate means has been sought and granted." *Hernandez v. Domino's Pizza LLC*, 21-CV-6844 (PKC), 2022 WL 4586352, at *1 (E.D.N.Y. Sept. 29, 2022) (citing *Kenyon v. Simon & Schuster, Inc.*, No. 16 Misc. 327 (P1), 2016 WL 5930265, at *3-4 (S.D.N.Y. Oct. 11, 2016)); *see also Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201(DLI)(MDG), 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (alternative forms of service may be permissible under Rule 45 "if [the service] is designed to reasonably insure the actual receipt of the subpoena by the witness," and that the courts that have "sanctioned alternatives means of service" have done so "only after the



plaintiff had diligently to attempted to effectuate personal service and presented proof [of such].")， *denying reconsideration*, No. CV 2007-0201(DLI)(MDG), 2008 WL 1924921 (E.D.N.Y. Apr. 29, 2008).

Courts in the Second Circuit have recognized "the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather than personal service." *Simmons v. Fervent Elec. Corp.*, No. 14 Civ. 1804(ARR)(MDG), 2016 WL 3661274, at *1 (S.D.N.Y. Oct. 11, 2016) (collecting cases); *see also JPMorgan Chase Bank, N.A. v. IDW Grp, LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (collecting cases from the Southern District of New York that held "that effective service under Rule 45 is not limited to personal service"); *see also Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (permitting plaintiff to serve a subpoena by certified mail because allowing such alternative method of service aligns "with the interpretative principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action', Rule 1, Fed.R.Civ.P., and . . . [accounts for] the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service . . . .").

Given the parties' almost completion of fact discovery and Defendants' diligent efforts to try and serve subpoenas on both Mr. Franco and Ms. Stewart, Defendants respectfully submit that alternative methods of service of the subpoenas are warranted; specifically, FedEx (signature required), certified mail (return receipt requested), and email.

Finally, pursuant to Your Honor's April 1, 2026, Order, Defendants held a meet and confer with Plaintiff on April 7, 2026, at 2:00 p.m. Plaintiff consents to Defendants' request for the Court to permit Defendants to serve a subpoena on Mr. Franco and Ms. Stewart through alternative methods of service.

We thank the Court for its consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Howard M. Wexler*
Howard M. Wexler, Esq.

HMW/dso
cc:    Counsel of Record (via CM/ECF)