Seyfarth

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

hwexler@seyfarth.com
T (212) 218-5500

www.seyfarth.com

Granted.

SO ORDERED:

11/13/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

November 13, 2026

**VIA ECF**

Hon. Robert W. Lehrburger
District Court Judge
US District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: ***Jacobs v. Elevance Health Inc., et al.* Civil Action No. 1:25-cv-00947-RA-RWL**

Dear Judge Lehrburger:

We represent Defendants in the above-captioned action. Pursuant to Your Honor's Individual Rule III(g) and Appendix Rules for Redactions and Filing Under Seal (B), Rule 5.2 of the Federal Rules of Civil Procedure, and the Southern District's Electronic Filing Rules & Instruction, Defendants submit this letter motion requesting leave to file under seal Exhibits C, G, N annexed to the Declaration of Howard M. Wexler filed in connection with Defendants' Motion for Sanctions and Attorneys' Fees. (*See* ECF Nos. 52-56). Per Your Honor's aforementioned rules, the parties have met and conffered, and jointly request leave to file such information under seal.

Introduction

Defendants seek to redact information related to Plaintiff's patient treatment records and confidential communications between Plaintiff and her treating provider that are protected under the Health Insurance Portability and Accountability Act (HIPAA). The general presumption in favor of public access to judicial documents is overcome in this case by the strong competing consideration of protecting a party's privacy. The information Defendants seek to redact is unquestionably confidential and private, and Courts frequently protect similar information from disclosure. Thus, the Court should permit the narrow redactions Defendants request.

Argument

I. Standard for Filing Under Seal

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) permits a Court, on a showing of good cause, to issue an order sealing documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Fed. R. Civ. P. 5.2(d), "[t]he court may order that a filing be made under seal without redaction."

It is generally presumed that the public has a right to access judicial documents[1]. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). A district court has broad discretion to maintain documents under seal for good cause. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). *Lugosch v. Pyramid Co*. sets forth the considerations the Court must weigh when determining whether records or testimony should be protected from public disclosure. 435 F.3d 110, 119 (2d Cir. 2006). The presumption of public access may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

In determining whether the presumption of access may be overcome, the Court must first determine the weight of the presumption. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters which come within a court's purview solely to ensure their irrelevance" *Lugosch*, 435 F.3d at 119. There is a weak presumption of access attaching to irrelevant documents, and a stronger presumption attaching to those documents that directly affect a Court's decision. *Id.*

Next, a Court must "balance competing considerations against" the presumption of access to documents. *Lugosch*, 435 F.3d at 119-20. These competing considerations include "the privacy interests of those resisting disclosure." *Id.* In determining the weight accorded to privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo,* 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.*

II. <u>Documents Containing Patient Health Information Should be Sealed</u>

On November 5, 2026, Defendants requested sealing of Exhibits C, G, N annexed to the Declaration of Howard M. Wexler filed in connection with Defendants' Motion for Sanctions and Attorneys' Fees. Defendants filed proposed redactions to the aforementioned exhibits (*See* ECF Nos. 54, 56) and emailed unredacted exhibits to Chambers. The Exhibits contain Plaintiff's patient treatment records and confidential communications between Plaintiff and her treating provider that are protected under HIPPA.

Per Your Honor's Appendix Rules for Redactions and Filing Under Seal (B), Rule 5.2, on November 12, 2026, the parties met and conferred via WebEx, in good faith, as to whether any or all of the redacted material may or must be filed without redaction. The parties submit this letter jointly, confirming that they are in agreement that they would like to preserve confidentiality and that redacted materials may remain filed under seal and with redactions.

Specifically, Defendants seek to file in redacted form the highlighted portions of Exhibits C, G, N annexed to the Declaration of Howard M. Wexler. (*See* ECF Nos. 52-56). Each of these documents contain Plaintiff's confidential, Patient Health Information ("PHI"). It is well established that PHI should be sealed in order to ensure the public does not have access. *See generally Paravas v. Tran*, 2022 WL 741590 (S.D.N.Y. Mar. 11, 2022). When assessing

---

[1] The presumption of public access applies to "judicial documents." *Amodeo*, 44 F.3d at 145. "Judicial documents" are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* Defendants acknowledge that the relevant Exhibits are thus judicial documents.

whether to seal documents, Courts weigh "[p]laintiffs' privacy interests and [d]efendants' legal obligations under HIPAA." *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Here, both considerations favor sealing and redaction. The highlighted material discloses sensitive details about Plaintiff's mental health that have limited bearing on the public's ability to understand the issues before the Court. Defendants also have independent obligations under HIPAA to protect this information. The request is also narrowly tailored. Defendants are not asking to seal the exhibits in their entirety, only to redact the specific portions that contain PHI. The rest of each exhibit, and the substance of the parties' arguments, will remain publicly available. Further, on November 12, 2026, the parties met and conferred via WebEx, in good faith, as to whether any or all of the redacted material may or must be filed without redaction and both agreed to maintain the sealing of the records. The parties submit this letter jointly, confirming that they are in agreement that they would like to preserve confidentiality and that the materials may remain filed under seal and with redactions.

## CONCLUSION

Defendants, jointly with Plaintiff, respectfully request the Court enter an Order, allowing the redaction and sealing of Exhibits C, G, N annexed to the Declaration of Howard M. Wexler filed in connection with Defendants' Motion for Sanctions and Attorneys' Fees, and award such other and further relief as the Court deems just and proper.

The parties thank you for Your Honor's consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Howard M. Wexler*

Howard M. Wexler

cc: Counsel of Record (via ECF)